1   JAMES R. McGUIRE (CA SBN 189275)
    JMcGuire@mofo.com
2   GREGORY P. DRESSER (CA SBN 136532)
    GDresser@mofo.com
3   RITA F. LIN (CA SBN 236220)
    RLin@mofo.com
4   GRACE Y. PARK (CA SBN 239928)
    GracePark@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone: 415.268.7000
7   Facsimile: 415.268.7522

8   JENNIFER C. PIZER (CA SBN 152327)
    JPizer@lambdalegal.org
9   LAMBDA LEGAL, Western Regional Office
    3325 Wilshire Boulevard, Suite 1300
10  Los Angeles, CA 90010-1729
    Telephone: 213.382.7600
11  Facsimile: 213.351.6050

12  Attorneys for Plaintiff
    KAREN GOLINSKI
13

MICHAEL F. HERTZ
Deputy Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
SUSAN K. RUDY
Assistant Branch Director
CHRISTOPHER R. HALL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-4778
Facsimile:  (202) 616-8470
Email:  Christopher.Hall@usdoj.gov

Attorneys for Defendants
THE U.S. OFFICE OF PERSONNEL
MANAGEMENT AND JOHN BERRY

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16

17  KAREN GOLINSKI,                          Case No.    C 10-0257 SBA

18              Plaintiff,                    **JOINT CASE MANAGEMENT
                                             STATEMENT**
19        v.
                                             Date:    June 15, 2010
20  UNITED STATES OFFICE OF PERSONNEL         Time:    1:00 p.m.
    MANAGEMENT, and JOHN BERRY, Director      Place:   Courtroom 1, 4th Floor
21  of the United States Office of Personnel           United States Courthouse
    Management, in his official capacity,              1301 Clay Street
22                                                     Oakland, California 94612
              Defendants.
23

24

25

26

27

28

Following the conference of the parties which took place on April 7, 2010, and May 24, 2010, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, plaintiff Karen Golinski and defendants United States Office of Personnel Management and John Berry (collectively, "OPM") submit the following joint case management statement pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-9.

## I.      JURISDICTION

### A.      Subject Matter Jurisdiction

#### 1.      Plaintiff's Statement

This Court has jurisdiction over this mandamus action pursuant to 28 U.S.C. § 1361. Mandamus is appropriate "when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994).  There is nothing ambiguous about Ms. Golinski's claim for relief:  enforcement of Chief Judge Kozinski's November 19, 2009 Order.  Chief Judge Kozinski instructed OPM to do two things: (1) rescind its instruction to Blue Cross/Blue Shield regarding Ms. Golinski's enrollment of her spouse, and (2) to cease its interference in Ms. Golinski's enrollment of her spouse to her health plan.  OPM has not appealed the Chief Judge's Order, and continues to violate it.  OPM's duties are clearly ministerial and do not implicate any regulatory discretionary power.  No other remedy is available to Ms. Golinski.  As a judicial employee, the EDR tribunal is the only forum where Ms. Golinski may seek redress for unlawful personnel actions.  As OPM has refused to cease its interference with that tribunal's order, Ms. Golinski's mandamus claim before this Court to enforce that order is the only means by which she can obtain relief for the unlawful discrimination that she has been found to have suffered.

#### 2.      Defendants' Statement

Plaintiff invokes this Court's mandamus jurisdiction under 28 U.S.C. § 1361, which only "'exists when a plaintiff has a clear right to relief, a defendant has a clear duty to act and no other adequate remedy is available.'"  Pit River Home & Agr. Co-op. Ass'n v. United States, 30 F.3d 1088, 1097 (9th Cir. 1994).  Mandamus jurisdiction does not exist in this case because OPM does

1  not have a clear, ministerial duty to act:  it is not bound by the EDR Panel's administrative orders.

2  In addition, plaintiff has the right to seek judicial review of OPM's actions under the APA, 5

3  U.S.C. § 701 et seq., and Congress has expressly provided for federal court jurisdiction over such

4  a claim concerning the FEHBP.  5 U.S.C. § 8912.  These are "adequate remed[ies]" that, likewise,

5  preclude mandamus jurisdiction.

6      **B.**    **Personal Jurisdiction and Venue**

7      No issues exist regarding personal jurisdiction and venue.

8      **C.**    **Parties Remaining to Be Served**

9      No parties remain to be served.

10  **II.**    **PRINCIPAL FACTUAL ISSUES**

11      **A.**    **Plaintiff's Statement**

12      In January 2009, the Chief Judge of the United States Court of Appeals for the Ninth

13  Circuit found that plaintiff Karen Golinski, a staff attorney for the Ninth Circuit, has been

14  suffering unlawful discrimination in the terms of her employment.  Judicial employees are barred

15  from bringing suit to redress employment discrimination claims, but are instead required to

16  submit their claims for adjudication in the Ninth Circuit's Employment Dispute Resolution

17  ("EDR") process.  Blankenship v. McDonald, 176 F.3d 1192, 1195 (9th Cir. 1999).  That EDR

18  process is their sole remedy.  Id.  Nor may judicial employees circumvent that prohibition by

19  challenging discriminatory practices under other federal statutes, such as the Administrative

20  Procedure Act.  Veit v. Heckler, 746 F.2d 508, 511 (9th Cir. 1984) (dismissing APA claim);

21  Orsay v. United States DOJ, 289 F.3d 1125, 1130 (9th Cir. 2002) (dismissing Privacy Act claim).

22      The Chief Judge, presiding over Ms. Golinski's EDR tribunal, found that Ms. Golinski

23  was not receiving equal pay for equal work.  Specifically, her request to add her same-sex spouse

24  to her family health insurance plan had been denied, whereas similarly situated heterosexual

25  coworkers with different-sex spouses are permitted to add their spouses to their health plans.  The

26  Chief Judge determined that this denial violated the Ninth Circuit's policy barring discrimination

27  based on sex and sexual orientation — a policy that has the force of federal law — and ordered

28

1   remedial action.  He directed the Administrative Office of the Courts ("AO") to process her

2   enrollment forms and send them to her insurance carrier.

3      The AO complied.  OPM, however, sent a letter to Ms. Golinski's insurance carrier

4   instructing the carrier not to comply with the Chief Judge's Order.  In November 2009, the Chief

5   Judge issued another Order, addressing OPM's conduct in "thwarting the relief [he] had ordered."

6   In that Order, the Chief Judge found that he had the authority, under both the Ninth Circuit's

7   Employment Dispute Resolution Plan and the separation of powers doctrine, to interpret laws

8   applicable to judicial employees that would displace "any contrary interpretation by an agency or

9   an officer of the Executive."  The Chief Judge directed that the November Order be served on

10  OPM, and invited the agency to appeal any portions of the Order that concerned it.  OPM did not

11  comply.  OPM did not appeal, either.  Instead, on December 18, 2009, OPM issued a press release

12  announcing its refusal to comply because the Chief Judge's order purportedly "is not binding on

13  OPM."

14      On December 22, 2009, the Chief Judge issued another Order noting that OPM's time to

15  appeal had expired and that, accordingly, his prior orders were final and preclusive as to OPM.

16  The Order authorized Ms. Golinski to seek enforcement of the Chief Judge's Orders against OPM

17  at this time.  Ms. Golinski filed this action on January 20, 2010.

18      Plaintiff agrees that, as defendants state below, the factual and procedural history is

19  largely undisputed.  Plaintiffs note, however, that defendants' statement below contains various

20  legal assertions concerning OPM's authority, the authority of the Chief Judge, and the

21  applicability of the Defense of Marriage Act, with which plaintiff disagrees and believes to be

22  fundamentally incorrect.  Plaintiff does not rebut those assertions here, as such an undertaking is

23  beyond the scope of this case management statement.

24      **B.   Defendants' Statement**

25      Beyond the procedural history of plaintiff's administrative complaint under the Ninth

26  Circuit's Employee Dispute Resolution ("EDR") Plan, there are no major factual issues.  That

27  procedural history, the facts of which appear to be undisputed, is set forth below.

28

Plaintiff Karen Golinski, a staff attorney with the U.S. Court of Appeals for the Ninth Circuit, is enrolled in the Federal Employees Health Benefits Program ("FEHBP").  The plaintiff is married under the laws of California to a spouse who, like plaintiff, is a woman.  On October 2, 2008, plaintiff filed an administrative complaint under the Ninth Circuit EDR Plan, seeking relief from the decision of the AOUSC denying enrollment of her spouse in the FEHBP.

Under the Federal Employees Health Benefits Act of 1959 ("FEHBA"), 5 U.S.C. § 8901 et seq., an employee may enroll in an OPM-approved insurance plan by submitting a request to her employing agency, for either individual or "self and family" coverage.  5 U.S.C. § 8905(a); 5 C.F.R. § 890.102.  The employing agency makes an initial enrollment decision in writing which must inform the employee that she has a right to seek reconsideration from the employing agency within 30 days.  5 C.F.R. § 890.104.  The employing agency's decision on a reconsideration request must also be in writing, must state findings and conclusions, and is the agency's final decision.  Id.  That decision is subject to OPM's corrective authority, however.  Id. § 890.103(b).  OPM's regulations and the FEHBA provide for judicial review of enrollment decisions after exhaustion of administrative remedies.  5 U.S.C. § 8912; 5 C.F.R.§ 890.107.  Such judicial review would be under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.  The FEHBP regulations apply generally to federal employees, without regard to which branch of government employs them.  See generally 5 C.F.R. Part 890.  Plaintiff does not allege that she exhausted her administrative remedies under the FEHBA or OPM's implementing regulations, and OPM is not and was never a party to the EDR proceeding.

In the AOUSC's view, the FEHBA, 5 U.S.C. §§ 8901-8914, when read in light of DOMA, did not permit OPM to contract with an insurance carrier for a health benefits plan covering an employee's same-sex spouse.  See In re Golinski, 587 F.3d 901, 902 (9th Cir. EDR Plan 2009);

see also 5 U.S.C. §§ 8901(5), 8903(1), 8905(a) (providing for enrollment of a "spouse" in a

FEHBP family plan).  DOMA provides in pertinent part:

> In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or wife.

1 U.S.C. § 7.

The Honorable Alex Kozinski heard the EDR complaint and entered an order in the

internal EDR process requiring the Director of the AOUSC to submit plaintiff's enrollment form

to her health insurance carrier.  The AOUSC complied with that order.  Plaintiff's insurance

carriers sought guidance from OPM, which, acting in its statutorily-assigned capacity as the

government-wide administrator of the FEHBP, see 5 U.S.C. §§ 8901 et seq., advised the AOUSC

and plaintiff's insurance carriers that DOMA, 1 U.S.C. § 7, forecloses enrolling plaintiff's same-

sex spouse in the FEHBP.  This was consistent with OPM's long-standing guidance to federal

agencies.  See OPM, Benefits Administration Letter No. 96-111, at 3 (Nov. 15, 1996), available

at http://www.opm.gov/retire/pubs/bals/1996/96-111.pdf.  On November 19, 2009, Chief Judge

Kozinski entered another order in the EDR proceeding that directed OPM to "rescind its guidance

or directive to the [insurance carrier] that [plaintiff's] wife is not eligible to be enrolled as her

spouse . . . because of her sex or sexual orientation" and to permit the enrollment.

The November 19, 2009 Order concluded that Ms. Golinski was entitled to, inter alia,

prospective relief that would enable her spouse to enroll in her FEHBP plan.  The Order directed

OPM not to "advise [the Blue Cross and Blue Shield Association] that providing coverage for

Ms. Golinski's wife violates DOMA or any other federal law" and not to "interfere in any way

with the delivery of health benefits to Ms. Golinski's wife on the basis of her sex or sexual

orientation." Id. at 963-64.

1    On December 17, 2009, the Blue Cross and Blue Shield Association filed a petition for

2    review of the November 19, 2009 Order with the Judicial Council of the Ninth Circuit, arguing

3    that "the Judicial Council has no jurisdiction over [the Association] under the EDR Plan" and

4    that, in any event, Chief Judge Kozinski's conclusion that the FEHBA permits enrollment of

5    same-sex spouses was incorrect. On December 22, 2009, Chief Judge Kozinski issued another

6    order in the EDR proceeding, stating that the time for appealing his prior orders had expired; that

7    OPM and the AOUSC had not appealed; and that, accordingly, his orders were "final and

8    preclusive on all issues decided therein as to [the AOUSC and OPM]."

9    **III.    PRINCIPAL LEGAL ISSUES**

10       Whether the requirements for mandamus have been met.

11   **IV.    MOTIONS**

12       Plaintiff filed a motion for a preliminary injunction on January 26, 2010.  That motion is

13   fully briefed and is set for hearing on June 15, 2010 at 1:00 p.m.

14       Defendants moved to dismiss Plaintiff's complaint on May 10, 2010, for lack of subject

15   matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a

16   claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

17   **V.    AMENDMENT OF PLEADINGS**

18       Plaintiff does not anticipate any further amendments to the complaint.  Defendants have

19   filed a motion to dismiss in response to the Amended Complaint.

20   **VI.    EVIDENCE PRESERVATION**

21       The parties have undertaken to preserve evidence relevant to the issues reasonably evident

22   in this action.

23   **VII.    DISCLOSURES**

24       Plaintiff will make her initial disclosures on Monday, June 7, 2010, as provided under

25   Federal Rule of Civil Procedure 26.

26       Defendants contend that this case can and should be resolved by dispositive motion as a

27   matter of law and that no discovery is necessary.  Accordingly, Defendants object that initial

28   disclosures are not appropriate in this action.

## VIII.  DISCOVERY

### A.     Anticipated Scope of Discovery

On April 8, 2010, plaintiff served one set of requests for admission (containing eight requests) and one set of interrogatories (containing two interrogatories).  Those requests were deemed served as of May 24, 2010, upon the completion of the Fed. R. Civ. P. 26(f) conference between the parties.  Plaintiff does not anticipate further discovery at this time.

Defendants contend that this case can and should be resolved by dispositive motion as a matter of law and that no discovery is necessary.  Accordingly, defendants do not anticipate any discovery at this time.

### B.     Modification of Discovery Rules / Phasing

The parties do not propose any modifications of the discovery rules or any phasing of discovery.

### C.     Stay of Discovery

#### 1.     Plaintiff's position

The parties met and conferred on April 7, 2010, and May 24, 2010, as required under the Federal Rules of Civil Procedure and discovery is, accordingly, open.  As indicated above, plaintiff has served very minimal written discovery and anticipates no further discovery.

Defendants have stated that they plan to seek a stay of discovery until resolution of their motion to dismiss.  Such a stay is unnecessary.  Plaintiff anticipates that the case will likely be on appeal shortly after the Court's ruling on plaintiff's preliminary injunction motion.  Defendants have stated that they will not make a determination of whether to appeal such an order until after the order is entered.  However, given defendants' repeated assertions that they would purportedly be in violation of federal law if they complied with the Chief Judge's Order, plaintiff suspects that defendants will likely appeal the grant of a preliminary injunction.  Conversely, if the motion for a preliminary injunction is denied, plaintiff anticipates seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1).  Appellate proceedings would automatically stay the discovery sought. Moreover, in the event that the requested discovery comes due before the Court rules on plaintiff's preliminary injunction motion, proceeding with discovery will permit the parties to

continue to move forward with the next phase of the case:  summary judgment.  Defendants would face no significant burden in responding to the minimal discovery served by plaintiff. Indeed, defendants have already communicated to plaintiff's counsel a preview of their likely responses via a letter sent on May 12, 2010.

### 2.    Defendants' position

Defendants moved to dismiss plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted on May 10, 2010. Defendants further intend to seek a brief stay of discovery while this Court resolves defendants' dispositive motion which may, of course, eliminate the need for any further proceedings.

Courts have broad discretion to order a stay of all discovery where it appears that the case can be resolved through a dispositive motion.  See e.g. Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987);  B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").  In particular, where a motion to dismiss presents questions of law for which factual discovery is neither necessary nor appropriate, as is typically the case where the defendant challenges the court's subject matter jurisdiction, discovery should be stayed pending a resolution of the motion. See Wagh v. Metris Direct Inc., 363 F.3d 821, 829 (9th Cir. 2003) (discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion.).  See generally 6 Moore's Federal Practice § 26.105[3][c]. Thus, until this Court has considered defendants' motion to dismiss and determined its subject matter jurisdiction, "defendant[s] should not be put to the trouble and expense of any further proceeding, and the time of court should not be occupied with any further proceeding."  United Transport Serv. Employees of America, CIO v. Nat'l Mediation Bd., 179 F.2d 446, 454 (D.C. Cir. 1949).

In response to plaintiff's predictions regarding appeal, defendants emphasize that they will make any decisions regarding appeal, if necessary, at the appropriate time.

## IX.    RELATED CASES

The parties are not aware of any related cases pending before any other court.

Plaintiff's insurance carrier, Blue Cross Blue Shield Association, has appealed the Chief Judge's November Order in the EDR proceeding to the Judicial Council of the Ninth Circuit. Defendants are not a party to that appeal.  That appeal has been stayed pending resolution of this litigation.

## X.    RELIEF

Plaintiff seeks an injunction compelling defendants, and those acting at their direction or on their behalf, to comply with the Chief Judge's November 19, 2009 Order.

## XI.    SETTLEMENT AND ADR

The parties agree that this matter is not appropriate for submission to ADR.

## XII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings.

## XIII.    OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.    NARROWING OF ISSUES

The parties anticipate that there will be no significant facts in dispute.  Accordingly, the parties anticipate that the case can be resolved on motions, without the need for trial.

## XV.    EXPEDITED SCHEDULE

The parties do not request any modifications to the Federal Rules of Civil Procedure to expedite the case.

# XVI.  SCHEDULING

## A.    Plaintiff's position

A case schedule may turn out to be unnecessary.  As noted above, the case will likely be on appeal shortly after the Court's ruling on plaintiff's preliminary injunction motion.

If a case schedule would nonetheless be useful, plaintiff proposes the discovery cut-off be set for June 28, 2010 and that a hearing on cross-motions for summary judgment be set for September 14, 2010, the date on which defendants' motion to dismiss is scheduled to be heard. The briefing schedule should be calculated based on that hearing date, pursuant to the local rules. Plaintiff notes that defendants suggest a departure from the local rules in order to brief the summary judgment motions "seriatim" rather than "simultaneously."  Plaintiff opposes any such departure, which seems designed to give defendants the "last word" in the briefing.  The fair approach, as provided in the local rules, is for both sides to brief their motions based on the same hearing date, which will allow both sides an opportunity to respond to each other's arguments but will give neither side the "last word."

## B.    Defendants' position

Defendants propose that discovery and merits briefing be stayed pending resolution of defendants' motion to dismiss.  If any of plaintiff's claims are not dismissed, defendants propose they be permitted 30 days following the Court's ruling on defendants' motion to dismiss in which to respond to plaintiff's written discovery.  Defendants do not object to proceeding to cross-motions for summary judgment promptly thereafter, but respectfully submit it would be most useful for the Court if cross-motions are filed seriatim rather than simultaneously.  Accordingly, if plaintiff's Amended Complaint is not dismissed upon adjudication of defendants' motion to dismiss, defendants propose that plaintiff's motion for summary judgment be due one week after the close of discovery; defendant's cross-motion be due three weeks thereafter; plaintiff's cross-opposition and reply be due two weeks thereafter; and defendants' reply be due two weeks thereafter, with a hearing, if any, to be held at the Court's convenience.

XVII.  **TRIAL**

The parties do not anticipate that trial will be necessary.  Any trial would be a one-day bench trial at most.

XVIII. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

A.      **Plaintiff's statement**

Plaintiff has submitted the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnership, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  Amy Cunninghis.

1

      **B.**       **Defendants' statement**

2

      Defendants are exempt from this requirement pursuant to Civil Local Rule 3-16(a).

3    Dated:  June 4, 2010             JAMES R. MCGUIRE
                                          GREGORY P. DRESSER

4                                           RITA F. LIN
                                          GRACE Y. PARK

5                                           MORRISON & FOERSTER LLP

6                                           JENNIFER C. PIZER
                                          LAMBDA LEGAL

7

8                                    By:     <u>/s/ Rita F. Lin</u>
                                               RITA F. LIN

9

10                                           Attorneys for Plaintiff
                                          KAREN GOLINSKI

11

12    Dated:  June 4, 2010             MICHAEL F. HERTZ
                                          Deputy Assistant Attorney General

13                                           JOSEPH P. RUSSONIELLO
                                          United States Attorney

14                                           SUSAN K. RUDY
                                          Assistant Branch Director

15                                           STEVEN Y. BRESSLER
                                          Trial Attorney

16                                           United States Department of Justice
                                          Civil Division, Federal Programs Branch

17

18                                    By:     <u>/s/ Christopher R. Hall</u>
                                             CHRISTOPHER R. HALL

19

20                                           Attorneys for Defendants
                                          THE U.S. OFFICE OF PERSONNEL
                                          MANAGEMENT AND JOHN BERRRY

21

22

23

24

25

26

27

28

1

**GENERAL ORDER 45 ATTESTATION**

2

In accordance with General Order 45, concurrence in the filing of this document has been

3

obtained from each of the signatories and I shall maintain records to support this concurrence for

4

subsequent production for the court if so ordered or for inspection upon request by a party.

5

6
                                         /s/ Rita F. Lin
                                _____
7                                        Rita F. Lin

8                                        Attorneys for Plaintiff
                                         KAREN GOLINSKI
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28